I'm not quite sure which issue that I think that I should start with. I think... Let me ask you a question about one of them. Okay. On the double jeopardy mistrial. Yes. It looks to me as though here what you have is a finding of fact by the judge that it was a bonehead move rather than a malicious move. I think that's the word he used, bonehead. He has to decide whether the government is being stupid or malicious, and he decided stupid, which means the government wins. I agree that that's the finding of fact. Why aren't we bound by that? Well, I think that as an... My obvious argument on that, Your Honor, is if that finding of fact was an abuse of discretion, then you're not bound by it. The argument is that if you review the record, the record would show certain things that could lead you to believe that it's an abuse of discretion. But otherwise, assuming that it's a factual finding and that the factual finding is not deemed to be an abuse of discretion, then I'm out of luck and that's the end of the pitch. I'll be happy to agree that assuming all that happens, that's the state of the law. All right. So there are two questions. First of all, is it abuse of discretion or clear error? And second of all, was it clear error? So if you agree that you're out of luck, are you out of luck or do you have something else to say? Well, no. I'm perfectly happy to submit that argument on the briefs. I see. You have one. Now, let me ask you another question I had. Okay. About the California crime. Yes. Whether it was a felony or a misdemeanor. Yes. Because I understand that it was a felony when he committed it and he did two years on it. Is that right? Under California law, and I can make this representation from knowledge, I believe for 30 years, possession of cocaine for at least 30 years had been punished as a felony. So to answer your question, under California law, when he was convicted in 1981, California viewed the offense as a felony and it was possession. I actually think that, although I'm not positive to this, that it started out on a different program, but it ended up as being a California felony. And the only way that I can argue that it is not a California felony is to look at the new changing California law and say that when that offense was committed, it was a federal misdemeanor and it didn't matter that back in 1981, if he had been prosecuted for that offense in the federal court in 1981, that offense would have been a misdemeanor. Well, but the federal court doesn't matter. The statute is quite clear about that. Well. I know you kept saying otherwise, but I don't understand your argument. And the statute seems to say literally that it matters what the sentence is under the State law, not what the sentence is under the federal law. I don't actually read – I don't agree with the court that that is the proper reading of the statute, but I agree with the court that that is a possible reading of the statute. I think that the – and it depends, again, on what we're talking about on the statute. If we're talking about 802.13 that just defines felony, I agree with the court. No. The term felony drug offense means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs. Is that not the relevant statute? I read it as being at the time the term – if you're looking at 13. No, I'm looking at 40. 44. Yes, 44. Yes. The term felony drug offense means any offense that is punishable by imprisonment for more than one year under any law of the United States. Or of a State or foreign country. Or of a State. And then the question becomes what do we mean by or of a State or foreign country that prohibits or restricts conduct relating to narcotics, drugs, marijuana, whatever. And if by that or you mean or a State offense that would also be punishable as a felony under the Federal system, then I'm correct. If you mean if that or means that it's any offense that any State has said is punishable by more than one year, I lose. Wow. That's – but – If I understood part of your argument, maybe I didn't correctly understand it. I thought part of your argument is that it isn't punishable in California. Well, that brings me to the new part of it, to the change of California law when they passed Proposition 36. California has made a choice that's still being ironed out to some extent by the California courts about what you do with someone that is charged with an offense for possession of drugs. And let's use cocaine as what we're talking about here. That appears in Penal Code Section, I think, 1210, et cetera. Under that provision, if I'm – if I've been treated for drugs twice in the past and I'm arrested for using drugs, I'm put into a drug treatment program. If I go and I fail the drug treatment program, the worst thing that can then happen to me, and I don't happily participate in the program, the worst thing that happens to me is I get sentenced to 30 days. But it's an interesting argument because the statute is written in the present tense. However, if we were to assume that, it would have to run the other direction too, right? Just a minute. So if California, for example, were to have made a change in the other direction, if someone was to be convicted under that statute now and it was a misdemeanor, and in two years California changes its mind again and says, oh, no, we've now decided this is a felony, then that person is going to have to be charged with a felony for purposes of this federal statute. Is that right? Well, if that happens, I would agree that that may be correct. But interesting you pose that question because that's what happened to Mr. McKinney because when he committed that felony in California in 1981, it was not priorable in federal court. So what? It still isn't because it's a felony. It was a California state felony. And had he been arrested for this offense in 1982, that case under any interpretation of this new statute would not apply. Hold on. I'm confused about something. Here's what I thought was the law, but I may be misunderstanding. I thought federal law is irrelevant because the statute says or of a state. It has the word or. Let's assume that for purposes of discussion. And then I thought under California law, when he was convicted, it was a felony and he did felony time. It did more than a year. And subsequently California created this drug treatment safety valve so that a person may be able to avoid the felony conviction. But if I understand California law correctly, it did not repeal the criminal law making possession of cocaine a felony. It still is a felony under Section 11350. I have to agree. It's kind of the prosecutor's choice. Is that right? No, actually it isn't. How does it work? It's not completely resolved, but the way that it works is actually this section technically applies after conviction. When you start looking at this proposition, which is in California, it's called Proposition 36. That talks about after someone is convicted. Prior to this being enacted, California had their diversion program. And that talked about when the accusatory pleading was filed. So what happened is under the first system of law, the district attorney could make a choice whether or not someone was in a drug treatment program by how he charged the crime. Under this, the way I understand this law is if someone is convicted of the possession, the discretion of the district attorney is now gone. And now the court, assuming that the offense that it was possession for personal use, is then required to follow this procedure and implement this procedure with its sentence. So what happens to an 11-350 conviction? Is it knocked down to a misdemeanor? Assuming the scenario I gave was someone that had been in the other two situations, and I know of no court case that has resolved this. I'm telling you that right now because this has not been on the books that long, and it obviously takes a while to shake things out. But the way I understand it, the maximum punishment for someone that does that is a misdemeanor punishment of less than a year. Although the underlying statute, as a general matter, allows punishment for 16-2 or 3. So you're saying a person would have a right to be punished for less than a year? Correct. Unless he refused to go into the drug treatment program after the judge told him to? Well, actually, if he fails the drug treatment program, as I read the one section, the only thing that the California law wants him to then do is to be punished by going to jail for what in essence is a misdemeanor sentence. Trust me, I'm not an expert, and I don't know that there is an expert on Proposition 36 at the moment. Sir, has California, with regard to its own recidivism statutes, re-characterized this crime from felony to misdemeanor? I'm not aware of this particular, the 11-350, being re-categorized. If you go and look at Section 11. For example, this was a California, I don't know which California statutes depend on it, whether it was a felony or a misdemeanor, but assuming there was one where his crime depended on his prior convictions, it would be considered in California as a felony. I believe that to be true. I hate to say that, but I do believe that to be true. That's, I think, one big difficulty. And the other big difficulty, although, as I say, there's some language support for what you're saying, is that it would have to be the case, if you were right, that if the statute were changed in the other direction, somebody could be charged with having had a felony, even though, in fact, it was a misdemeanor at the time he was convicted of it. Yes. Well, the really, the thing that is so bad about this statute, and I understand that I'm not addressing Congress at this time, but I think that this court is entitled to interpret this statute so it has some kind of footing in rationality. Why in the world should an offense that the federal government for 25 years at a minimum, actually 35 years at a minimum, has said is a misdemeanor? And they said this when the federal government gets into the business of drugs because it's a national problem and they've got to regulate it and they've got to take care of it and they've got to provide punishment for it, and they work out a way to provide substantial punishment for it. I'm not seeing this argument. It seems to me that the feds and the states have different knowledge, different concerns in their legislative bodies. Okay. The feds may think that something isn't a big social problem, but there may be some particular state where it is. Like, I don't know, hypothetically, maybe they've just had much of a methamphetamine business in New York, but it's really big in Montana, say. So in New York, they don't treat it as a serious crime, and the Montana state legislature really hammers people for it. They might do that. What's more, what's a big social problem may change. A state may regard something as a big social problem in 1952, and then in 1982 the legislature may decide, you know, it's not really a problem at all. There's just no reason for us to be spending money putting people in state beds and giving them state meals on account of this, and they may drop it. It seems reasonable to look at things in terms of when the people did them. Like selling liquor. A real problem if you do it at the wrong time in the 1920s. No problem at all if you do it in the 50s. Well, I agree that that's true, but there's a remedy for that. You know, this case could have been brought into state court. These were state agents assigned to a task force doing this case in Los Angeles. The state of California wouldn't punish this by law. Why? The reason this is here is because the federal government, using a prior case that would have been a federal misdemeanor, can make this lie. Nobody's prohibiting the states if they think this is a big deal from prosecuting it, and they could have tried it here. But if you're going to have anything resembling national uniformity on a federal law, why in the world should a state offense that's a felony be allowed to send you to prison for life on an offense that's misdemeanor? Why can't it have national uniformity? It's big countries, big diverse countries. Well, why is the federal government involved in it if they don't want national uniformity? If they don't want the means to have some kind of uniform punishment so everybody knows if you do that, why are we spending federal money? Any kind of textual argument that can get around that word or? I believe that the word or only refers to an offense that's punishable by one year or more under any law in the United States. That's how I believe it. That makes no sense. You're not getting around the or, you're emphasizing the is. Okay. I'd like to hear about that because I think you've said if someone is prosecuted now for the thing that's still in the books, the felony cocaine possession, the most that they can possibly serve is over the 30 days. In some instances. There are other instances. California describes what you do with people that have had prior treatment, what you do with people that haven't had prior treatment. Well, if he was prosecuted today. If he was prosecuted today as a first-time offender, it may be, and I have to be candid, it may be that as a first-time offender, if he hasn't had prior conduct, it may be that he ultimately could be sentenced to a felony. So, in other words, if you've been in trouble and had some treatment. You may get a lesser sentence. You get 30 days, but if you're a first-time offender and you haven't ever had any trouble at all, you can serve three years. I understand that. Really? That's why I say I'm not an expert on this. Well, you've got to get an expert on it if we're going to make sense of it. You're the expert we're relying on. You're the lawyer. My understanding of the law is, unfortunately, that may be true. The problem is this. According to California law now, if you're a first offender, it's a felony. If you're a repeat offender, it's a misdemeanor. The most that you can be sentenced to under certain instances on this offense is 30 days or 60 days. Ultimately, our question is, let's assume that your is argument is correct and that the question is, what is true now? So it says, is punishable by imprisonment? So the question is, is this offense punishable by imprisonment for more than one year under the law of California? And your answer seems to be maybe, sometimes. I think that it depends on the offender. I honestly – I know this doesn't make sense, but I really believe that that may very well be the case. I believe that it may depend upon who the offender is, whether or not now it is punishable by one year or more. Is this statute in front of us? Is it in there? Yes, it is. It is in the – I believe it's actually in the appendix to the brief. And I believe that it starts on page – it starts on page A-4 to the addendum. And it goes on for, as you can see, numerous pages. Page A-4 is – I'm sorry. It starts on A-8. On the addendum to what? On the opening brief. It's at the back of the opening brief. Now, I would like to – I would like to reserve some time on rebuttal, but by no means am I taking the same – The California statute is not on A-4, so where is it? I'm sorry? The California statute does not seem to be where you're saying it is. On page A-8? Oh, I see. It's A-9, actually. Okay, I see what you mean. I see. Yeah, A-8 is the introduction to it, and the statute itself begins on A-9. Do you want to say anything at all in a minute about the search decisions? About the search decision? Yes. Actually, I do. It is shocking to me that anyone could question the fact that there has to be some information about a dog and whether or not a dog is reliable. Well, there was some. The information was that it was certified by a national dog certifying agency. And what's that? What does that mean? I assume that the magistrate may know what it means. Well – Does that matter? Let's assume – that was one curiosity I had. I suppose the magistrate's seen lots of these warrants, and in the past has made inquiry, and I know nobody does, but let's assume that he knows something about what this agency is. Okay. Does that matter? Does it all have to be written down over and over and over again? I think that you need something more than that the dog has been certified. I think that you need some indication that the dog, in fact, what the thing for certification is, because I don't think you can assume that anytime you take an affidavit to a magistrate that the magistrate knows what this kind of thing is. I mean, there's certainly nothing in here that would lead you to believe that this dog would be accurate, and in hindsight, we know that the dog – we know that they did find something, but we also know that the dog more than likely wasn't accurate. So I'm not looking at hindsight to make the argument, but I'm saying no magistrate, with this being presented to them, could possibly on the face of the affidavit know what this means. Is there anything false about it? I mean, is this Frank's hearing matter? Like, is there not such a dog certifying agency? I have no way of knowing that because I wasn't a trial counsel. That was not alleged to be a false statement. Was it claimed to be false? And I have no knowledge of that. A defense lawyer could just Google it and find out whether it really exists and certifies dogs. I assume that that is correct. I don't know. I can't represent whether that was done one way or not. Is there any allegation of an omission with regard to that? I mean, is this a bad dog certifying agency or one that isn't trustworthy or for some reason shouldn't be believed? And again, I don't have information on that either. I only have the state of the record that was introduced down below, and under the state of the record, this is the only information that was introduced. I think that I'm over my time, although I'd like to keep talking. Counsel? Good morning. Tim Seawright on behalf of the United States. And may it please the Court. I intended to primarily address the factual arguments that were stated in the briefs and wasn't going to direct too many remarks to the more purely legal arguments pertaining to the allegation of prior conviction. However, I can do that to the extent to which the Court has questions on it. I have a question. Yes. The federal statute in 802.44 uses the word is, so it makes it look as though you look at the present time. Whether that makes sense or not as a way to interpret that section, I think it's the part where it says or of a state, also in that definition section, I don't know. But it does use the word is, present tense. So is the crime that the man was convicted of and did two years for when he committed it a felony now? Yes, I think it is. If you go to the California Penal Code, it still remains a sentencing. Well, because it punishes people by more than a year. Yes, it does. Why doesn't 1210.1 that says notwithstanding any other provision of law, a person convicted of a nonviolent drug possession offense shall receive probation change that? That's nothing new, Your Honor. I'm drawing upon deputy DA experience, and it is somewhat aged. But you could always do that. You could charge it. You could do it, but now you have to do it. I'm sorry? You could do it, but now you have to do it. Yes, you do. Therefore, it's not punishable. Aside from whether it was punished, it's not even punishable by a year. That person can always fall out. That's what the problem is. I'm sorry? The person can always fall out of probation. So that range remains. What activity falls out? Then they can be sentenced. I think that this statute requires a second chance, but if you fall out on the second chance, then you in fact can be sentenced to state prison without any new. Hold on. Fall out of probation. You mean violate probation? Yes, but with this new framework, it's a very structured form of probation where you go to drug treatment classes. So if you refuse the drug treatment. Or you don't complete them. But if you do what you're told, is it true that under California law now a person must, notwithstanding any other California statute, be given probation or possession offense? Why don't you look at it at the same time so you can make textual arguments. 1210.1a. I think that's correct. I think that if a person is charged with simple possession, they must be given that first chance. But that does not mean that it is not an offense, continues to be an offense, punishable by state prison, up to three years for simple possession. And what is your understanding about what Mr. McKinney's counsel said about the recidivist situation? As I read it, reading quickly, it seems to me to be the opposite of what he said. That is, if this was a second, if he had previous convictions, he would not be entitled to this. It seems to say if he had two separate convictions for nonviolent drug possession offenses, then he's sentenced to 30 days rather than to probation. But if he doesn't have two prior convictions, then he's sentenced to probation. Is that right? Can you say it again, Your Honor? I'm sorry? Can you say it again, Your Honor? I'm not quite following it. What is the situation about someone who has had prior convictions under the California statute? He suggested that if you had a prior conviction, you were better off because you couldn't be sentenced to more than 30 days. No. That's not correct. That's not my understanding. My understanding is the prosecutor has the option of simply charging you as a repeat offender at this point, and you no longer can fall into that form of probation in which you're required to go to the drug treatment. And therefore, what you get is 30 days. Notwithstanding any other provision of law, the trial court shall sentence such defendants to 30 days in jail. Oh, I understand what your question is now. Okay. What it's saying is if you have a prior conviction, that is a mandatory minimum of 30 days. They cannot give you less than that 30 days. Well, it doesn't read that way. Is there any case law about that? It's very similar. Is it shared? I'm pulling back. That is a strange provision, but it says shall sentence such defendants to 30 days in jail. It doesn't say at least 30 days in jail. It's the same in California vehicle code for DUIs. It says on your second one, you must get 10 days in custody. You must do what? I'm sorry? You must receive 10 days in custody on your second one. That's the same. It's paralleling that same language, giving a little more time than that. You think under California law, that means minimum? Yes. That requires a mandatory minimum of 30 days. If he doesn't have this, if this first felony for some reason were construed not to apply as a prior, what's his sentence? It would be a mandatory minimum of 20 years. Of course, you'd have to go back and... So what we're arguing is there's a difference between 20 years and life. Correct. Is that right for that rule? I believe that's correct in the federal system. That was changed some time ago, as I understand. Before my days as an AUSA. I guess the reason we're struggling with this is just in the abstract, this makes extremely little sense. In what way? That is, to have somebody who was convicted of a prior, which isn't a federal felony, and now isn't a California felony, is going to spend his life in federal prison. I think it's just what we said in our briefs. It is deference to state court. What the state decides is a serious crime is to be taken into account by the federal court. I decided it isn't such a serious crime. That's what's strange about it. Well, in this case, the questioning was opened up with what was the sentence for this prior conviction? It was two years in state prison under the common law definition of a felony. Certainly at the time it was, certainly. Certainly was handled very, very seriously at that time. What happens if the state goes in the other direction? Instead of getting more lenient, it gets more harsh. What do we do with 80244 then, since it uses present tense? You mean if they eventually criminalize a residual amount of marijuana, make it a felony or something like that? I haven't thought about that a great deal. Well, I certainly think eventually you're going to bump up against the Eighth Amendment, aren't you? I'm sorry, what? You're going to bump up against the Eighth Amendment at some point, I would certainly think. I had not thought about that. Well, but that's an extreme case. But suppose California just now reversed this. Suppose you had somebody who was convicted under this. And let's assume that for present purposes this is not now a felony. You mean can it be essentially applied ex post facto? Well, there's lots of laws saying you can do that with regard to priors. So if we were to now say, suppose California now was to change its mind and say, you know what? Scrap this initiative. We're going back to no more Prop 36. We're going back where we were. Somebody who was convicted under Prop 36 and is now in federal court on a drug crime, are you going to be able to say, would you agree that you could not say that, well, it's now a felony in California and therefore it should count as a felony? Well, I'm hoping I'm going to answer your question. Even now, if you were a first-time offender on simple possession of cocaine, under California law it is punishable as a felony. And that's what the federal statute says. I know, but I was trying to back that out. Let's back that out and assume it's not. You're saying that and I don't know if you're right or wrong, but let's assume you're wrong and that isn't so. Okay. And, however, they change the law back and make it a felony again. Just cross out Prop 36. It's not there anymore. Would you come in here then and tell us, oh, well, it is a felony? And that's meeting the statute literally, it ought to apply. Your Honor, I would just answer your question. Honestly, I'd want to research that. As you all know, the prosecution always enjoys considerable discretion in its charging decisions. And if that were the case, we would probably factor that in. We would factor that in in making our decision that California is now dealing with it differently. We certainly do all the time. It's an interesting little puzzle as to what it means to say it is a felony. But we haven't factored in the change now as a charging decision. I don't think there is a. California doesn't take this as seriously as it used to by a vote of the people. Your Honor, I would disagree with that. I think that all this new framework is doing, and I don't want you to. All this new framework is doing is requiring drug treatment as one of the steps you go through on probation. I mean, if you follow the probation and you go through the treatment, you don't have to change. Well, let me tell you, it's back before this thing. What you could do is you could plead guilty to simple possession as a felony. You could be sentenced to 60 days, 90 days, whatever, in county jail. You complete your period of probation. You do a good job. You then can come into court, apply, and have it reduced to a misdemeanor, even though it was denominated a felony when you first pled guilty. And I think that is still. I don't understand how you can argue that California has not become more lenient. I mean, 1210.1a says, as a condition of probation, the court may not impose incarceration as an additional condition of probation. It used to be you went to prison for two years. Now you don't even go to jail. Well, you didn't go to prison automatically, Your Honor. Well, you could. It certainly remained as an option. You don't even go to jail. And it says, notwithstanding any other provision of law. It basically removes discretion from the judge and, to some extent, the prosecutor in charging it, that they can't take it directly, send that person directly to state prison. But that's not saying the person may not end up there eventually. Well, they may eventually if they violate. Okay. But then the punishment is for having violated as well as having committed the original crime. I guess I would agree with you that it's become more lenient in as much as it now requires people on simple possession cases to go through this treatment process. I mean, if I understand your argument right, you're telling me, well, it isn't really more lenient because we used to give people a break anyway even though the law made it a felony. And now all it's doing is codifying what we used to do as a matter of practice. That's more lenient. Yeah. I agree with what Your Honor is saying. I agree with you. The process isn't there. People got tired of just filling the jails with nonviolent drug offenders. I mean, that's what happened, and they voted it that way. I guess I'd like to change the subject of this one and ask you what you need to do to show a reliable dog. Well, I want to talk about that. The cases aren't real clear on that. I pointed to some out-of-district cases which are very close to the same language we have in our affidavit, the affidavit here. Which case, I'm sorry? An out-of-district case. I think it was from the Eighth Circuit. I'm sorry, out-of-circuit case that is very similar and no more detailed than what we have here and was found to be sufficient. This Court has been more experiential, I guess. It was more sort of a we'll know it when we see it, one way or the other. The points I want to make, though, from the affidavit is what you've got here is he states, A, I've been working as a canine officer for seven years. I've been with this dog in Dallas. When can we be looking here in the excerpts? What are you looking at? It is defendant's excerpts of record, and it is on page 12. Thanks. Go ahead. It says, I've been a narcotics canine handler for approximately seven years. Smokey is a laboratory retriever, currently certified as a narcotics detection canine by the National Narcotic Detector Association. Now, you do have to, first of all, it doesn't contain a CV of the dog, so to speak, the number of hits and misses that were inaccurate. It doesn't go through all of them. It doesn't say that he ever worked with this dog before. No, it doesn't. It doesn't say the specific dog. Seven years' experience. It says he has seven years' experience. I guess the seven years' experience would be relevant if he had said, and in my experience, this dog has been accurate and so on, but he didn't go on and say that. What he says is, I have seven years' or almost seven years' experience with canines, but not the specific one. He then says, so what you've got is a fairly experienced narcotics canine handler. Wait a minute. We don't know anything about the dog. No, I'm saying the handler. The handler, correct. It's fairly experienced. He says he's been doing it for about seven years. I guess the question is, can the magistrate properly assume that whatever this certification is, there's some sort of reliability? I mean, it's not like a degree from a diploma mill. Well, you do see that he is a detective with the Dallas Police Narcotics Unit. I don't know if you understood the question. We're all asking about whether it's a doggy diploma mill, not a people diploma mill. I understand, but what I'm saying is that we're like, there are these schools that used to advertise on matchbooks. Now they advertise otherwise. Instead of being accredited by a real accrediting agency, they organize their own phony accrediting agency and accredit themselves. Did the dog go to Trump University? I guess you're saying that there should be an implication that an experienced dog handler would not be satisfied with a certificate from a bogus organization. Yes, and what is very, you have to assume, it's a well-established police department. We're not talking about some small town that you are not familiar with. I take it that you basically agree that everything turns on this dog. Without the dog, there's really nothing there. I would take you back on that. Well, there's very little there. That's quite an argument about this small town, too. I mean, Fairbanks, Alaska has never had a scandal like the Los Angeles Police Department. I'm not saying that they're without scandals, or the Dallas, I can make any representation. I think I would take an affidavit more confidently from some smaller departments. But I actually want to go with, if I may, with Judge Berzon's point. I don't want you to depend purely upon the dog thing. What else is there at that point? I think there's that somebody may or may not live where the package was sent, but we don't know that she didn't. There is a misstatement with regard to the fact that they had been surveying the house where the package was received because they hadn't been. What else is there? There's a false return address. And everybody, both sides agree on that. That address does not exist. Okay. And that's a probable cause by itself, to think that there's drugs in the package? Well, the statement in here, we're obviously in the affidavit talking about a drug investigation. And I don't think you should ignore paragraph 2, where the affiant talks about his own experience in looking at packages containing drugs being sent out there. And he says, you're somebody who's sending drugs through the mail. You're concerned it's going to be intercepted by the post office. You don't want them to come back to that return address. So any package with a false return address can be searched for drugs? No. Okay. I'm saying it's a number of factors. So what's the other factors if we take out the canine? I think it's three. I think it's the canine. I think it's the false return address. And there is some suspicion placed upon the addressee in this case. Why? Well, what we've got is the postal inspector talks to the route handler, stated in the affidavit. Says I don't know if she lives there. And says she's been receiving mail in the past, but I'm not sure she's living there. We don't know what that means. It's not an overwhelming fact. I don't know what that matters. I mean, my kids still receive mail at my house, even though they don't live there anymore. It is one factor. What the judge, at least Judge Wilson in the district court, extrapolated from that, there is a possibility, no one's saying it's conclusive, but a possibility that that would be. I don't know if it's even suggestive. A drop location. I get Oxfam and all these fun solicitations for my daughter. She hadn't lived at home since she went away to college in the 90s. Same with my other two kids. Not as much junk mail, but a lot. And they all went away to college in the 90s and haven't lived at home since. I agree, but if you're sending a box with drugs, the idea is that you're concerned that That's not the question. You have to run in the other direction. The question is whether that fact would lead you to a suspicion that you had a box with drugs. Okay. Well, he's plainly suspicious that there may be drugs there. How he articulates it is, when I've seen drugs being mailed before, and this is paragraph two of his experience, the addressee is a factor. And it's not, I'm not going to Even on your view of things, even if these other two factors have any probative value at all, you still have to throw the dog in before you think you have probable cause. Yeah, I would go with you, Your Honor. But I would take Your Honor back to That's what I was trying to establish, that without the dog, we don't have probable cause. Yes, but I would take Your Honor back and have you push significant emphasis upon that false return address. But it doesn't make any difference, because still, for present purposes, all we need to know is that without the dog, there's no probable cause. Therefore, everything turns to the dog, which is where I started. But there's that magic Supreme Court word, totality of the circumstances. If Your Honors are looking at that and saying, Well, you know, I might have liked to have a little bit more background in this dog. No, no. What we're looking at is the thing that she may not live there anymore is nothing. The totality of the circumstances is dog sniff plus false return address. False return address is suggestive, but not enough for probable cause. Dog sniff is, if it's a good dog sniff. I mean, that's the way it looks to me, anyway. There was a comment in the other brief saying the dog isn't trained to alert on PCPA. Is that true? That doesn't make any difference. Well, the district court, Judge Wilson, said that doesn't matter to me. What we're saying is that this dog, in fact, did alert. That's true, though, Your Honor. The reason why is the So it was a false alert, basically. No, I don't think so. We talked about the possibility of why that dog would have alerted to the package. Remember, as they stayed in here, they were watching. First of all, is that a true statement? That dogs won't alert to PCP. Yes, it is. Well, then, that not being in the affidavit seems like a sufficiently significant omission that why would a Just a minute. Okay. Why would a magistrate, or maybe the answer is because we don't know that we're looking for PCP. Is that why? Yes. Okay. Maybe the people that wrapped the PCP up had marijuana on their hands or something? Cocaine, Your Honor. In fact, it says in here that they thought there was going to be cocaine in there. Two big liters of PCP being flown, which Your Honors may know is highly volatile. They never allow that on a plane. But they stayed in here. They thought it would be cocaine. And they were following to this house where they stated there was a lot of drug activity. And it was essentially a crack house. So the fact that the dog does alert to that package, I don't think it's surprising. So if you're shipping PCP, you should wash your hands if you've been handling cocaine. Don't go anywhere near any of those other drugs or the dog's going to possibly alert to it. I have very little time remaining. Two minutes. Even less than that. You actually have no time remaining. Oh, okay. We're in the red line. Okay. The last point. Thank you, counsel. All right. Very good. I can't remember if you saved any time. No. I tried to go ahead and take 30 seconds. I actually may be wrong, and it may be that depending on the defendant, because some people are ineligible for this program. It's okay. Like if you were arrested with a firearm, you can't be placed in this program. But depending upon the defendant, it may be that in fact you cannot receive a prison sentence. But certainly if you fall out twice, you shall receive. And it says, unlike what counsel said, it says notwithstanding any other law, 30 days. It doesn't say in addition to any other law, you must do 30 days. It has the disclaimer right in front, notwithstanding any other law. And also one thing on the dog. Please remember the dog handler didn't prepare this affidavit, and the dog handler never said this dog alerted. The dog handler didn't say the dog alerted, and he didn't prepare the affidavit. The postal inspector prepared the affidavit, and the postal inspector said the dog alerted. Thank you, counsel. The United States v. McKinney is submitted, and we are adjourned for this day.
judges: Canby, Kleinfeld, Berzon